1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY SCOTT KLIPPENSTEIN, | Case No.   1:19-cv-01705-JDP |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO MEET THE STATUTE OF LIMITATIONS |
| v. | |
| SCOTT FRAUNHEIM, | |
| Respondent. | |

Petitioner Randy Scott Klippenstein, a state prisoner with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  ECF No. 1.  The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  This court may raise the statute of limitations *sua sponte* when reviewing a habeas petition.  *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1042 n.3 (9th Cir. 2001) (Federal district courts may consider the timeliness of a state prisoner's habeas petition to serve the interests of judicial efficiency.).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioners seeking habeas relief under § 2254 must comply with the statute of limitations set by 28 U.S.C. § 2244(d). The one-year period begins on the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*; *see also Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir. 2001).

The statute of limitations period can be tolled in various ways. For example, a petitioner can obtain equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Williams v. Filson*, 908 F.3d 546, 558 (9th Cir. 2018) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Petitioner states that he exhausted his state-level remedies through a direct appeal followed by a petition for review at the California Supreme Court, both unsuccessful. ECF No. 1 at p-2. To comply with § 2244(d), petitioner must have either filed his petition within one year of the California Supreme Court's denial of review or show he is entitled to tolling under one of the narrow exceptions of § 2244(d)(1)(B-D). Here, petitioner filed his petition on December 5, 2019, or one year and 83 days after the California Supreme Court's "judgment became final by the conclusion of direct review" on September 14, 2018. § 2244(d)(1)(A).[1] Because the record indicates that petition may "fall outside the one-year time period, the petitioner has the burden of

---

[1] The California Supreme Court's denial of a petition for review of a Court of Appeal is final on filing. *See* Cal. Rules of Court, rule 8.532(b)(2)(A).

demonstrating that he is entitled to tolling." *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002), abrogated on other grounds by *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).  Therefore, petitioner must explain to this court how his petition complies with § 2244(d).

**Order**

1. Within fourteen days from the service of this order, petitioner must show cause why the court should not summarily dismiss the petition.
2. Failure to comply with this order may result in the dismissal of the petition.

IT IS SO ORDERED.

Dated:   December 11, 2019

UNITED STATES MAGISTRATE JUDGE

No. 206.

3