UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY SCOTT KLIPPENSTEIN,<br><br>Petitioner,<br><br>v.<br><br>SCOTT FRAUNHEIM,<br><br>Respondent. | No.  2:21-cv-0086 KJM GGH P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 19, 2021, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days.  ECF No. 23. Petitioner timely filed objections to the findings and recommendations.  ECF No. 24.

The magistrate judge subsequently filed an errata to replace one sentence in the March 19, 2021 findings and recommendations.  ECF No. 25.  The objection period was not extended for the amendment of the findings and recommendations as the correction was based on petitioner's first contention in his objections and did not alter the substance of the original findings and recommendations.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis. The court writes separately concerning Section C of the findings and recommendations, ECF No. 23 at 14-18. In this court's view petitioner's claim that admission of Child Sexual Abuse Accommodation Syndrome (CSAAS) evidence violated his right to due process is without merit given the decision of the Ninth Circuit Court of Appeals in *Holley v. Yarborough*, 568 F.3d 1091, 1101 n.2 (9th Cir. 2009), set out in pertinent part in the findings and recommendations at pages 14-15 and fully incorporated herein.

In *Holley*, the Ninth Circuit acknowledged Supreme Court precedent providing that a writ of habeas corpus is available for due process errors that render a criminal trial "fundamentally unfair." It held that the Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ" *Id.* Here, petitioner has made no showing that the CSAAS evidence in question fell outside the scope of the *Holley* court's ruling regarding the absence of clearly established Supreme Court precedent. Moreover, as the facts of this case, the state court of appeals decision and the magistrate judge's findings at page 18:11-15 make clear, the record does not support a finding that petitioner's trial was rendered fundamentally unfair by the admission of this evidence.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 19, 2021, as amended, ECF Nos. 23 and 25, are adopted in full as to all but Section C and, as to Section C, only to the extent consistent with this order;

2. Petitioner's application for a writ of habeas corpus is denied on its merits and dismissed;

/////

/////

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

4. The clerk of court close this case.

DATED: September 29, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE